IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYRONE W. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-090 |
| | ) | |
| FRED BURNETTE, TIM SPIRES, SAM | ) | |
| ZANDERS, MARK FARRIS, ANNETTIA | ) | |
| TOBY, and BARBARA E. FOWLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Plaintiff previously filed a motion to amend his complaint. The Court explained that under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend once as a

matter of course at any time before a responsive pleading is served.[1] As Plaintiff's complaint had not yet been screened, and service had not been effected on any Defendant, the Court explained that Plaintiff may amend his complaint as a matter of right. However, as Plaintiff improperly attempted to amend his complaint in a piecemeal manner by simply amending two sections of his original complaint, the Court directed him to file an amended complaint. Plaintiff has submitted an amended complaint, (doc. no. 13), and it is this document that the Court will now screen.

I.  **BACKGROUND**

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Fred Burnette, Warden, Telfair State Prison; (2) Barbara E. Fowler; (3) Mark Farris; (4) Sam Zanders; (5) Tim Spires; and (6) Annettia Toby. (Doc. no. 1, pp. 1, 4; doc. no. 13, pp. 1, 4). Plaintiff contends that these Defendants violated his constitutional right by allowing that he be continuously exposed to environmental tobacco smoke ("ETS") despite being on notice that he is asthmatic. (Doc. no. 13, pp. 5-7).

Plaintiff argues that Defendants have not provided inmates who smoke with a designated smoking area. (Id. at 5). As a result, Plaintiff - a nonsmoker and asthmatic -

---

[1]Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Fed. R. Civ. P. 15(a).

2

contends that he is regularly subjected to "large amounts of ETS." (Id.). According to Plaintiff, Defendant Zanders, is the individual who is responsible for providing smoking inmates with an outside designated area to smoke. (Id.). Plaintiff alleges that he approached Defendant Zanders with a suggestion to designate smoking areas for inmates; however, Defendant Zanders "flat out refused his suggestion to do so." (Id.). Plaintiff maintains that Defendant Spires, as Defendant Zanders's superior, could have overruled Defendant Zanders's refusal to provide inmates with a designated smoking area; but instead, when Plaintiff made the same suggestion to Defendant Spires, he too denied Plaintiff's request. (Id. at 6).

Concerning Defendant Farris, Plaintiff alleges that as the Warden of Administration, he is responsible for the items that inmates can purchase from the prison's commissary. (Id.). According to Plaintiff, Defendant Farris has "constantly allowed inmates to purchase unlimited packs of cigarettes without making sure or seeing to it that these inmates have an unlimited outside designated area to smoke." (Id.). Concerning Defendant Fowler, Plaintiff maintains that as Warden of Care and Treatment, she is responsible for ensure the well-being of inmates. (Id.). Plaintiff further alleges that Defendant Fowler is also responsible for housing inmates and creating a healthy environment for inmates. (Id.). Plaintiff states that "[Defendant] Fowler has refused to create a dormitory and/or living quarters that house nonsmoking inmates, only." (Id.).

Lastly, concerning Defendant Burnette, Plaintiff states that as Warden, he oversees the entire prison. (Id.). Plaintiff also alleges that Defendant Burnette is responsible for Plaintiff being subjected to ETS because Defendant Burnette denied Plaintiff's grievance on

May 12, 2008, concerning ETS. (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 7).

## II. DISCUSSION

### A. Defendant Named in Original Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 12, p. 3 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id. at 4). Upon review of the amended complaint, the Court finds that Plaintiff no longer names Annettia Toby, one of the original Defendants, as a party to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendant Annettia Toby, she should be dismissed from this lawsuit.

### B. Procedures and Grievance Claims

To the extent Plaintiff alleges that his constitutional rights were violated because Defendant Burnette mishandled his grievances or otherwise processed them in a manner that did not comply with TSP grievance procedures, his claim must fail. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a

4

procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff complains that Defendant Burnette denied his grievance concerning his complaint that he was being exposed to ETS. (Doc. no. 13, p. 6). However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts

5

simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's claims regarding an alleged violation of the grievance procedures fails as a matter of law.

### III. CONCLUSION

As Plaintiff failed to state a claim for a violation of the TSP grievance procedures against Defendant Burnette, and as he failed to name Defendant Toby in his amended complaint, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's grievance procedure claim against Defendant Burnette be **DISMISSED**, and that Defendant Toby be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 7th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]By separate Order, the Court has directed that service of process be effected on Defendants Burnette, Spires, Fowler, Farris, and Zanders for Plaintiff's claim of deliberate indifference to his health for allowing Plaintiff to be exposed to ETS.