ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYRONE W. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-090 |
| | ) | |
| FRED BURNETTE, TIM SPIRES, SAM | ) | |
| ZANDERS, MARK FARRIS, and | ) | |
| BARBARA E. FOWLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison located in Valdosta, Georgia, commenced the above-captioned action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on "Defendants' Pre-Answer Motion to Dismiss." (Doc. no. 25). Plaintiff has not responded to Defendants' motion,[2] and thus the Court deems the motion unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to

---

[1] At the time of the events forming the basis of the amended complaint, Plaintiff was incarcerated at Telfair State Prison ("TSP").

[2] Plaintiff requested an extension of time to file his response to Defendants' motion to dismiss. (Doc. no. 28). The Court granted Plaintiff's request. (Doc. no. 29). However, when no response was filed, the Court specifically informed Plaintiff that if he failed to respond to Defendants' motion to dismiss, the motion would be deemed unopposed, and the Court provided Plaintiff additional time to file the necessary responsive documents (doc. no. 30, pp. 2-3).

dismiss be **GRANTED**, that Plaintiff's amended complaint be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

Plaintiff named the following Defendants in his amended complaint: (1) Fred Burnette, Warden, Telfair State Prison; (2) Barbara E. Fowler; (3) Mark Farris; (4) Sam Zanders; and (5) Tim Spires. (Doc. no. 13, pp. 1, 4). Plaintiff contended that these Defendants violated his Eighth Amendment rights by allowing him to be continuously exposed to environmental tobacco smoke ("ETS") despite being on notice that he is an asthmatic. (Id. at 5-7).

In particular, Plaintiff argued that Defendants did not provide a designated smoking area to inmates who smoke. (Id. at 5). As a result, Plaintiff contended that he, a non-smoker, was regularly subjected to "large amounts of ETS." (Id.). More specifically, Plaintiff complained that Defendants refused to provide an *unlimited*, outside, designated area for inmates who smoke. (Id. (emphasis added)). According to Plaintiff, Defendant Zanders was the individual who was responsible for providing inmates with an outside designated area to smoke. (Id.). Plaintiff alleged that he approached Defendant Zanders with a suggestion to designate smoking areas for inmates; however, Defendant Zanders "flat out refused his suggestion to do so." (Id.). Plaintiff maintained that Defendant Spires, Defendant Zanders's superior, could have overruled Defendant Zanders's refusal to provide inmates with a designated smoking area, but instead, when Plaintiff made the same suggestion to Defendant Spires, he too denied Plaintiff's request. (Id. at 6).

Concerning Defendant Farris, Plaintiff alleged that as the Warden of Administration,

2

he was responsible for the items that inmates purchase from the prison's commissary. (Id.). According to Plaintiff, Defendant Farris "constantly allowed inmates to purchase unlimited packs of cigarettes without making sure or seeing to it that these inmates have an unlimited outside designated area to smoke." (Id.). Concerning Defendant Fowler, Plaintiff maintained that as Warden of Care and Treatment, she was responsible for ensuring the well-being of inmates. (Id.). Plaintiff further alleged that Defendant Fowler was also responsible for housing inmates and creating a healthy environment for inmates. (Id.). Plaintiff stated that "[Defendant] Fowler [] refused to create a dormitory and/or living quarters that house nonsmoking inmates, only." (Id.).

Lastly, concerning Defendant Burnette, Plaintiff stated that as Warden at TSP, he oversaw the entire prison. (Id.). Plaintiff also alleged that Defendant Burnette was responsible for Plaintiff being subjected to ETS because Defendant Burnette denied Plaintiff's grievance on May 12, 2008, concerning ETS. (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 7). The Court allowed Plaintiff's Eighth Amendment claim against Defendants Burnette, Spires, Fowler, Farris, and Zanders, to proceed.[3]

Defendants now seek to dismiss Plaintiff's amended complaint; they argue that Plaintiff failed to state a claim upon which relief can be granted. (See generally doc. no. 25). Additionally, Defendants argue that they are entitled to Eleventh Amendment immunity and qualified immunity. (Id.). Finally, Defendants maintain that because Plaintiff has been transferred from TSP, his claims for injunctive relief are moot. (Id.).

---

[3]The presiding district judge dismissed Plaintiff grievance procedure claim against Defendant Burnette and dismissed Defendant Toby from the case. (Doc. no. 17).

3

## II. DISCUSSION

A. **Applicable Legal Standard**

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Fin., Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the motion at hand.

B. **Failure to State a Claim Against Defendants in Their Individual Capacities**

Plaintiff has asserted an Eighth Amendment claim against Defendants Burnette, Spires, Fowler, Farris, and Zanders, claiming they were aware of Plaintiff's deliberate exposure to harmful second hand smoke. As noted above, Defendants maintain that Plaintiff's amended complaint is insufficient to state a viable claim for deliberate indifference, and

therefore the case should be dismissed. Specifically, Defendants argue that Plaintiff did not allege that they acted with a sufficiently culpable mental state to justify a finding of Eighth Amendment liability. (Id. at 9). Additionally, Defendants argue that Plaintiff acknowledges that TSP has a smoking policy that is enforced by its officials.[4] (Id. at 3). Plaintiff offers nothing in opposition to Defendants' argument.

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The

---

[4]Indeed, Plaintiff provides in his amended complaint, that prisoners have a designated outside smoking area; his problem with the designated area is that prisoners do not have unlimited access to it. (Doc. no. 13, p. 5).

5

Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05.

The Eleventh Circuit has addressed a prisoner's Eighth Amendment claim based on exposure to ETS. In Kelley v. Hicks, 400 F.3d 1282 (11th Cir. 2005), the court followed the Supreme Court's decision in another ETS exposure case, Helling v. McKinney, 509 U.S. 25, 31 (1993), and observed that "a prisoner can state a cause of action under the Eighth Amendment for exposure to ETS by 'alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.'" Kelley, 400 F.3d at 1284 (quoting Helling, 509 U.S. at 35).

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component in an ETS case, "the prisoner must show that he himself is being exposed to unreasonably high levels of ETS. Relevant facts will include whether the prisoner remains housed in the environment and whether the facility has enacted a formal smoking policy." Kelley, 400 F.3d at 1284 (citations omitted).[5] The subjective component requires a prisoner to "show that prison authorities demonstrated a 'deliberate indifference' to his plight. The

---

[5]Regarding the objective component, the Sixth Circuit has further held that exposure to ETS must cause a "serious medical threat, not just discomfort." Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The court observed that "mere exposure to ETS, without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights," and held that ETS exposure must be accompanied by an objectively serious medical condition exacerbated by the exposure. Id.

6

adoption of a smoking policy 'will bear heavily on the inquiry into deliberate indifference.'" Id. (quoting Helling, 509 U.S. at 35).[6]

In this case, regarding the objective component, Plaintiff only, in a conclusory fashion, claimed that he was exposed to a large amount of ETS because inmates did not have unlimited access to the designated smoking area. However, more importantly, it is apparent from Plaintiff's complaint that TSP has a smoking policy that is enforced. Plaintiff indicates he would prefer TSP's smoking policy to focus on prevention rather than discipline. (Doc. no. 13, p. 7). Again, Plaintiff acknowledges that if a prisoner violates the TSP smoking policy he is disciplined. (Id.). For these reasons, Plaintiff does not satisfy Kelley's objective component. Additionally, Plaintiff's amended complaint makes no mention of any unreasonably serious risk of damage to his future health. In fact, other than providing that he has asthma, Plaintiff makes no allegation that the ETS has aggravated or affected his asthma or has caused any other health related issues. Thus, Plaintiff fails to satisfy the objective component to an Eighth Amendment claim, and as such, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Moreover, regarding the subjective component of the deliberate indifference standard, Plaintiff has not alleged a deliberate indifference to his complaints. While Plaintiff complains that the designated smoking areas are not accessible to smoking inmates on an unlimited basis, he acknowledges that TSP does have a smoking policy that is enforced, i.e., prisoners who violate the policy are disciplined. (Doc. no. 13, p. 7). As noted above,

---

[6]"Deliberate indifference" has been held to require something more than the imperfect enforcement of a prison's smoking policy. Scott v. District of Columbia, 139 F.3d 940, 944 (D.C. Cir. 1998).

Plaintiff must allege something more than imperfect enforcement of the smoking policy in order to state a deliberate indifference claim, and he has not done so. Because Plaintiff has failed both the objective and subjective components of the deliberate indifference standard, he has failed to state a claim upon which relief can be granted, and his case should be dismissed.

### C.  Failure To State a Claim Against Defendants in Their Official Capacities

To the extent Plaintiff has attempted to sue all Defendants in their respective official capacities for monetary damages, the Eleventh Amendment bars official capacity claims against state prison officials and/or the Georgia Department of Corrections for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff's allegations relate to actions undertaken by Defendants while performing functions as state prison officials. Therefore, Plaintiff's official capacity claims for monetary damages are not cognizable and should be dismissed. Accordingly, Defendants' motion to dismiss Plaintiff's official capacity claims for monetary damages should be granted.

### D.  Injunctive Relief

Finally, to the extent Plaintiff seeks injunctive relief, his claim fails. Plaintiff was transferred from TSP to Valdosta State Prison. Section 1983 claims seeking injunctive relief are rendered moot when a prisoner is transferred from the facility where the alleged unconstitutional conduct occurred. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). Thus, any claims for which Plaintiff is seeking injunctive relief are moot because he has been transferred from the facility where the alleged unconstitutional conduct occurred.

Accordingly, Defendants' motion to dismiss as to Plaintiff's injunctive relief should be granted.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, that Plaintiff's amended complaint be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of November, 2009, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9